

Schiffman Law Office, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugenio Banda, Jr.,<br><br>                          Plaintiff,<br>vs.<br><br>Hartford Life and Accident Insurance Company; Group Short Term Disability, Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, Basic Accidental Death and Dismemberment, Supplemental Accidental Deaith and Dismemberment Plan for Employees of Fusion Electronics USA, Inc.,<br><br>                         Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Eugenio Banda, Jr. ("Banda") alleges as follows:

**JURISDICTION AND VENUE**

1. Banda is a resident of Maricopa County, Arizona.

2. Defendant Hartford Life and Accident Insurance Company ("Hartford") is an insurance company with its principal place of business in Connecticut. Hartford is authorized to do and does business in Maricopa County, Arizona.

3. Defendant Group Short Term Disability, Long Term Disability, Basic Term Life, Supplemental Dependent Life, Supplemental Term Life, Basic Accidental Death and Dismemberment, Supplemental Accidental Deaith and Dismemberment Plan for Employees

of Fusion Electronics USA, Inc. ("Plan") is a purported ERISA benefit plan established and maintained by Fusion Electronics USA, Inc ("Fusion") for the benefit of its employees and provides long-term disability benefits ("LTD").

4. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and Hartford have caused events to occur in Arizona out of which Banda's claims arise.

5. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

6. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. Fusion provided certain employees with LTD benefits pursuant to the Plan.

9. Fusion is the plan administrator and a plan fiduciary as those terms are defined by ERISA sections 29 U.S.C. § 1102(a)(2) (fiduciary) and 29 USC §1002(A)(16) (administrator).

10. Hartford is the Claim Administrator and is a Plan Fiduciary for the Plan as those terms are defined by ERISA.

11. The Plan's benefits are funded through the purchase of an insurance policy from Hartford to Fusion Electronics USA, Inc. first issued Policy number GRH-877528 to Hartford on January 1, 2016. The Policy renews annually on January 1.

12. Neither Hartford nor Fusion provided a summary plan description to any covered employees.

13. The Policy, referred to as the "Group Long Term Disability Insurance Policy" is the only document that constitutes the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

14. Hartford pays any LTD claim and also makes any determinations with respect to any Fusion emeployees' LTD claims.

15. After the first 24 months of disability, the Policy defines disability as the inability to work in any occupation if, as a result of physical disease, injury, pregnancy or mental disorder he is unable to perform with reasonable continuity the material duties of any occupation.

16. The Policy defines any occupation as "any occupation or employment which he is able to perform, whether due to education, training, or experience which is available at one or more locations in the national economy and in which he can be expected to earn at least 60% of his Indexed Predisability Earnings within 12 months following a return to work."

17. The Policy contains discretionary language granting Hartford discretion.

18. There is no evidence in the Policy that the Plan Administrator, Fusion, possesses discretion or the ability to delegate discretion. Even if Hartford reserved discretion, there is no evidence that Fusion delegated discretion to Hartford.

19. Without proper evidence of a grant of discretion from The Plan to Hartford, this claim should be reviewed *de novo*.

## COUNT I
## RECOVERY OF INSURANCE AND PLAN BENEFITS

20. Banda incorporates and realleges all previous allegations.

21. At all relevant times, Banda was employed by Fusion, became a covered individual under the Plan and the Policy, and remained continuously employed until his disability rendered him unable to work in his regular occupation as a Product Support/Tech Support Representative on September 29, 2016.

22. Banda timely submitted a claim for LTD benefits.

23. Banda claimed disability for lumbar and cervical spondylosis, failed back syndrome, degenerative disc disease of the cervical, thoracic and lumbar spine, shoulder pain and knee pain.

24. Fusion paid Banda own occupation benefits from December 19, 2016 to November 15, 2018.

25. During this time Fusion concluded Banda was unable to perform his own occupation as a Product Support/Tech Support Representative.

26. Banda remains disabled as defined by the Policy from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

27. Banda remains unable to perform the material and substantial duties of his occupation including the following duties:

- Working a regular, 40-hour work week;
- Walking or standing for more than a few minutes and to go from a sitting to standing position;
- Sitting for more than two hours at any time, with a maximum of 4 hours a day;
- Focusing and concentrating on complex tasks due to constant pain and the effect of pain medication.

28. The Policy requires Banda to apply for and pursue Social Security Disability Benefits ("SSDIB"). Banda applied for SSDIB on December 19, 2016. Banda's application for SSDIB was denied by an Administrative Law Judge on August 14, 2019 and is currently on appeal to the Social Security Administration's Appeals Council.

29. The Hartford closed Banda's claim on November 15, 2018, indicating that benefits would not be paid past the own occupation period.

30. The Hartford based its denial on an Independent Medical Evaluation performed by Dr. Brian McCrary on October 17, 2018.

31. The denial letter dated November 14, 2018 did not contain the proper ERISA appeal language. Hartford submitted a letter with the proper language on May 10, 2019.

32. Banda timely submitted his appeal on November 6, 2019.

33. Hartford issued the final denial on December 10, 2019.

34. Banda provided proof of his debilitating medical conditions. In addition, Banda provided Hartford with completed attending physician statements, a functional capacity evaluation and extensive medical records that support his disability. Banda became disabled on September 29, 2016 and remains unable to perform the duties of any other occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his Indexed Predisability Earnings.

35. Banda contends that the discretionary language in the policy is invalid and Banda's claim should be reviewed *de novo*.

36. If the Court determines the discretionary language is valid, Hartford's inherent conflict of interest impacted its decision in this matter and that the Court should reviewed with heightened skepticism.

37. Banda has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

38. Hartford's denial of Banda's LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous. Evidence of Hartford 's conflict includes, but is not limited to:

a) Relying on the opinion of an independent medical examiner who only saw Banda for a short period of time and reviewed Banda's records and rejected, without explanation, the opinions of examining physicians and other medical professionals.

b) Relying on the opinion of an "independent" physician who routinely provides Hartford and other review companies and insurers with predictable opinions about a claimant's ability to perform the duties of a sedentary job.

c) Concluding that Banda was able to physically perform a sedentary occupation without considering whether he has the cognitive capacity to perform any occupation and the ability to be a reliable employee who would not miss more than one day of work per month.

d) Cherry-picking evidence that supports the denial, rather than giving equal weight to evidence that supports payment of the claim.

e) Equating Banda's presentation as not being "in acute distress" as the equivalent of being free of pain and discomfort.

f) Ignoring the conclusions of the functional capacity evaluation performed by Sanford Goldstein, PT, CDMS provided by Banda in support of his appeal.

39. Banda is entitled to 60% of his Predisability Earnings in the amount of $1,801.28 from November 15, 2018 through the present.

40. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Banda is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan. Pursuant to 29 U.S.C. § 1132(g), Banda is entitled to recover his attorneys' fees and costs incurred herein from Fusion and the Plan.

41. Banda is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Banda prays for entry of judgment against Defendants as follows:

A. For all past benefits due Banda under the terms of the Plan;

B. For an award of Banda's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 4th day of March 2020

                SCHIFFMAN LAW OFFICE, P.C.

                By: /s/ Lisa J. Counters
                    Lisa J. Counters